IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THOMAS GILBERT BEASLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-084 |
| | ) | |
| STATE OF GEORGIA; ATTORNEY | ) | |
| GENERAL CHRIS CARR; and SANDY | ) | |
| HODSON,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed this case pursuant to 42 U.S.C. § 1983, concerning allegedly false information published by Defendant Sandy Hodson. Plaintiff is proceeding *pro se* and has paid the $402.00 filing fee. However, notwithstanding any filing fee, the complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A(b); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE COMPLAINT

### A.    BACKGROUND

In his complaint, Plaintiff named the State of Georgia, Attorney General Chris Carr, and Sandy Hodson, writer for the *Augusta Chronicle*, as Defendants. (Doc. no. 1, pp. 1, 4.)

---

[1] The Court **DIRECTS** the **CLERK** to update the Defendants in accordance with the caption on this Order, which is consistent with Plaintiff's complaint. (See doc. no. 1.)

Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendant Hodson, a writer for the *Augusta Chronicle*, has written news stories concerning Plaintiff's criminal conviction in state court, and those stories have been published at unspecified times in the *Augusta Chronicle* and a blog. (Id. at 5.)  Defendant's articles rely on information received from the courts to assert that Plaintiff was sentenced to 110 years of incarceration for crimes of child abuse.  (Id.)  Defendant Hodson's articles assert Plaintiff's sentence was imposed after he "grabbed his Son by the ankles" and threw him headfirst into a hardwood floor, which "caused a head injury."  (Id.)  Defendant Hodson's article also described additional abuse allegations, including discussion of "how the System failed [Plaintiff's] children."  (Id.)

Defendant Hodson's articles refer to Plaintiff's date of indictment as being June 25, 2008, which was the date of his indictment in Columbia County in case number 2008-CR-0657.  (Id.)  However, Defendant Hodson's articles describe facts as presented to a jury on November 17, 2010, in a different case:  2010-CR-1274.  (Id.)  This case, 2010-CR-1274, was the case in which Defendant was convicted and sentenced to incarceration.  (Id.)  Thus, Defendant Hodson's articles make it appear as though the June 25, 2008, indictment was connected to Plaintiff's sentencing and conviction, when that indictment was associated with a different case that never resulted in conviction.  (See id.)

Plaintiff requests removal of Defendant's publications and monetary damages.  (Id. at 6.)

**B.**     **DISCUSSION**

**1.**     **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails

to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Failure to state a claim under § 1915A(b) is "no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6)." White v. Lemma, 947 F.3d 1373, 1377 (11th Cir. 2020) (*per curiam*) (citing Jones v. Bock, 549 U.S. 199, 215-16 (2007)), *abrogated on other grounds by* Wells v. Brown, 58 F.4th 1347 (11th Cir. 2023).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However,

this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

>    **2.    Plaintiff Fails to State a Claim Against Defendants State of Georgia and Attorney General Chris Carr**

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").   Here, Plaintiff does not make any allegations associating the State of Georgia and Attorney General Chris Carr with the allegedly false news stories.  (See generally doc. no. 1.)  Plaintiff lists these Defendants without any context or allegations of wrongdoing.  (Id.)  Dismissal of Defendants State of Georgia and Attorney General Chris Carr is therefore appropriate.  See Douglas, 535 F.3d at 1321-22.

>    **3.    Plaintiff Fails to State a Valid § 1983 Claim Against Defendant Hodson**

Defendant Hodson is not a proper party under § 1983 because she is not a state actor.  "A plaintiff raising a section 1983 claim must show the deprivation of 'a federal right by a person acting under color of state law.'"  Gustino v. Stoneybrook W. Master Ass'n, Inc., 842 F. App'x 323, 328 (11th Cir. 2021) (per curiam) (quoting Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)).  Thus, "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

News reporters like Defendant Hodson are not state actors for purposes of § 1983.  See

Brown v. Mallory, 2004 WL 5839582, at *1 (N.D. Ga. Feb. 6, 2004) (finding neither defendant reporter nor employer newspaper were state actors under § 1983) (citing Brunette v. Humane Soc'y of Ventura Cnty., 294 F.3d 1205 (9th Cir. 2002)); see also Shepard v. Clarke Cnty. Police Dep't, No. 3:08-CV-07CDL, 2008 WL 660336, at *2 (M.D. Ga. Mar. 6, 2008) ("[T]hose named as defendants who are employed by the Athens Banner Herald Newspapers clearly are not state actors."). As Plaintiff's claims against Defendant Hodson rest entirely on her role as a reporter and Plaintiff fails to provide any facts that would suggest Defendant Hodson acted on behalf of or in concert with the state, he fails to state a valid § 1983 claim against her.

Even if Defendant Hodson were acting under color of state law, defamation is not actionable under § 1983 absent deprivation of a federal right. Foreman v. Jones, No. 3:05-CV-1134-F, 2005 WL 3693201, at *1 (M.D. Ala. Dec. 20, 2005) ("The law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of either slander or defamation.") (citing Paul v. Davis, 424 U.S. 693 (1976)). "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." Siegert v. Gilley, 500 U.S. 226, 233 (1991). To the extent Plaintiff's complaint alleges Defendant Hodson's representations of Plaintiff's state court proceedings were inaccurate and therefore, defamatory, such a claim is not actionable under § 1983.

### 4. Any Potential State Law Claims Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint regarding Defendant Hodson's publications, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws,

or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the complaint fails to state a claim that could serve as the basis for original federal court jurisdiction. Thus, without the federal claim, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.

. . . [I]t usually should do so without prejudice as to refiling in state court.").

II. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a federal claim upon which relief may be granted, any potential state law claims be dismissed without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of August, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA